UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY PACE, )
 )
 Plaintiff, )
 )
 v. ) CASE NO. 4:17CV1776 HEA
 )
FEDERAL NATIONAL MORTGAGE ASSOC., )
 )
 Defendant, )

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to dismiss, [Doc. No. 9]. Plaintiff has responded to the motion, to which Defendant has responded. The matter is fully briefed. For the following reasons, the Court will grant Defendant motion.

## **Facts and Background**

Plaintiff's Petition alleges the following:

On or about September 27, 2010, a foreclosure sale was conducted on Plaintiff's property.

Defendant purchased the property.

At the time, Plaintiff was unaware that for the years preceding the foreclosure, Defendant had for all intents and purposes actually owned the loan, and was using Wells Fargo as a glorified servicer under its guidelines.

Defendant put into place multiple safeguards to ensure that although it was not listed on the note and deed of trust that it would have all say as to how the mortgage would be handled, and would be the beneficiary if the property went into foreclosure.

To that extent, even though it was never mentioned in the note and deed of trust, Defendant purchased the property at the foreclosure sale, and did so with a credit bid, a luxury no third-party bidder would have been given.

Defendant, because of the arrangement made with Wells Fargo before entering into the loan agreement with Plaintiff, was the true owner of the loan at all times it was being serviced by Wells Fargo.

During this time, Defendant forced Wells Fargo to enter into a sham modification and other agreements with Plaintiff, during which it told Plaintiff not to make his payments, that he would be modified, and to disregard the written communication he received indicating his default.

Employees of Wells Fargo, acting as agents for Defendant, told Plaintiff repeatedly that he was eligible for loan modification, and that he must be behind in his payments to receive such modification.

Plaintiff relied on the representations of the agents of Defendant, and was thereby harmed when Defendant purchased the property at foreclosure sale.

Plaintiff was removed from his home in January of 2014.

Plaintiff has been harmed by credit reporting done erroneously on him by Defendant and its agent Wells Fargo, which has cost him job opportunities and made his cost of credit, to the extent he could get any, much more expensive.

Defendant argues the Petition should be dismissed under the doctrine of res judicata.

**Standard**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In making this determination, the Court must grant the plaintiff all reasonable inferences that can be drawn from the complaint's factual allegations. *See Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

The Court can take judicial notice of public records and consider them on a motion to dismiss. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Here, the Court has considered certain matters of public record—the original Pace state court case file, 11JE-CC00078, and the removal thereof, 4:11-cv-00489-

CAS—as well as documents that are necessarily embraced by the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (holding that, when considering a motion to dismiss, the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings") (citations and internal quotation marks omitted); see also *Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010) ("[W]e see no reason why the District Court, like this Court, could not take judicial notice of the publicly available state-court argument, particularly where the issue at hand is possible preclusion of a federal claim as a result of those same state-court proceedings."); see also *Germain Real Estate Co., LLC v. HCH Toyota, LLC*, 778 F.3d 692, 695 (8th Cir. 2015).

## Discussion

To establish that a claim is barred by res judicata, Defendant must show "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. United States Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008) (internal quotations omitted). "Dismissal on the basis of res judicata at the pleading stage is appropriate if the defense is apparent on the

face of the complaint." *Magee v. Hamline Univ.*, 775 F.3d 1057, 1058–59 (8th Cir. 2015) (per curiam).

The original *Pace* case alleged wrongful foreclosure, fraud and negligence based on the 2010 foreclosure of the Property. In Judge Shaw's case, summary judgment was entered in favor of Defendant. A final judgment on the merits was entered.

The parties do not dispute that the first *Pace* case was based on proper jurisdiction.

Wells Fargo and Defendant in this matter are in privity. The Petition alleges that Wells Fargo was the agent of, and was acting on behalf of, Defendant in the original case. The Court finds that Defendant and Wells Fargo's relationship satisfies the third requirement of the same parties in both cases.

Judge Shaw has already decided the exact issues that Plaintiff seeks to have adjudicated in this case. "To determine whether two causes of action are the same, the court examines whether the second lawsuit is 'part of the transaction, or series of connected transactions, out of which the [first] action arose..., giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'" *First Nat'l Bank in Sioux Falls v. First Nat'l Bank South Dakota*, 679 F.3d 763, 767 (8th Cir. 2012) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)). "Whether two

claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based on the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989).

"As stated in *Lane*, 'reliance...on different substantive law and new legal theories does not preclude the operation of res judicata....[W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.' *Lane*, 899 F.2d at 744. In effect, 'res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding.' *King v. Hoover Group, Inc.*, 958 F.2d 219, 223 (8th Cir. 1992)." *Banks v. Int'l Union Electronic, Elec., Tech., Salaried & Machine Workers*, 390 F.3d 1049, 1052–53 (8th Cir. 2004); *see also Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1153–54 (8th Cir. 2012) (res judicata bars claims " 'arising from the original circumstances' but 'under new legal theories' " (quoted case omitted)).

## Conclusion

This action clearly arises out of the same nucleus of operative facts as the previous action against Wells Fargo. It is, therefore, barred by res judicata. The motion to dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Life Insurance Company of North America to dismiss Count III, [Doc. No 11], granted.

**IT IS FURTHER ORDERED** that Count III is dismissed as to Defendant Life Insurance Company of North America.

Dated this 26th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE